Michael S. Kogan (SBN 128500)
**ERVIN, COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Debtor

FILED
MAY - 3 2006
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                   Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>PATRICK W. MOLLER,<br><br>Debtor. | Case No. SV 06-10619-KT<br><br>Chapter 11<br><br>**EMERGENCY** MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF PATRICK W. MOLLER IN SUPPORT THEREOF<br><br>Date:    [TO BE SET]<br>Time:<br>Place:    Courtroom 301 |

Patrick W. Moller (the "Individual Case") (Case No. SV 06-10619-KT), and United Finishing & Laminating, Inc. (the "Corporation") (Case No. SV 06-10635-KT) hereby moves the Court for entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, consolidating the Individual Case[1] with that of the Corporation (collectively, the "Debtors"), for administrative purposes only (the "Motion"). A separate motion for the joint administration of these cases has been filed in each case. This Motion is brought pursuant to 11

---
[1] An identical motion will be filed in the Individual Case.

Ervin, Cohen
& Jessup LLP

IDOCS:12502.2:533834.1

U.S.C. § 101(2), Federal Rules of Bankruptcy Procedure (F.R.B.P.) 1015, and Local Bankruptcy Rule 104(4).

The affairs of the Debtors are interrelated. Patrick W. Moller is the President, of the Corporation. The Debtors' interests are nearly identical as the Corporation is merely a personal services corporation of Patrick W. Moller. Patrick W. Moller makes all decisions for the Corporation to the extent there are any decisions which need to be made. Further, substantially all of the Corporation's creditors are also creditors of Patrick W. Moller, individually.[2]

As such, the Court should issue an order jointly administering the Debtors' cases under the title and case number of the Corporation, Case No. SV 06-10635-KT. A copy of the proposed caption is attached hereto as Exhibit "A." Due to the interrelationship between the Debtors, the joint administration of these cases will promote the interests and convenience of all parties and will reduce the costs of administration of these cases.

This motion does not seek substantive consolidation, but the Corporation specifically reserves its right to seek substantive consolidation at a later time, if appropriate.

The Motion is based upon this Motion, the attached Memorandum of Points and Authorities and Declaration of Patrick W. Moller, the Notice of Motion separately filed and served concurrently herewith, the Court's files in this Chapter 11 case, and upon such other evidence as may be presented to the Court.

WHEREFORE, the Debtor respectfully moves the Court to enter an Order (1) directing that these cases be administered jointly under the Corporation's case number, SV 06-10635-KT; (2) directing that, except, where circumstances warrant different treatment, a single caption listing the Debtors and respective case numbers be used on all pleadings; (3) directing the use, except where circumstances warrant different treatment, of combined notices to the creditors of the

///
///
///

---

[2] Other than the lien holders on the real property owned by Patrick W. Moller.

Ervin, Cohen & Jessup LLP

IDOCS:12502.2:533834.1          -2-

1  estates; (4) directing the use, except where circumstances warrant different treatment, of a
2  combined service list; (5) granting such other and further relief as the Court shall deem proper.

4  DATED: May 3, 2006

ERVIN, COHEN & JESSUP LLP
Michael S. Kogan

By: _____
MICHAEL S. KOGAN
Attorneys for Debtor

Ervin, Cohen
& Jessup LLP

IDOCS:12502.2:533834.1

-3-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This memorandum is submitted jointly by Patrick W. Moller (the "Individual Case") (Case No. SV 06-10619-KT), and United Finishing & Laminating, Inc. (the "Corporation") (Case No. SV 06-10635-KT) in support of the "Emergency Motion For Order Directing Joint Administration Of Cases" (the "Motion"). By the Motion, the Debtors seeks an order consolidating the Individual Case[3] with that of the Corporation (collectively, the "Debtors"), for administrative purposes only.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Patrick W. Moller filed his Voluntary Petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") on April 28, 2006. The Corporation filed on May 2, 2006. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to conduct their affairs and operate as debtors in possession. No trustee or examiner has been appointed in either Chapter 11 case.

The affairs of the Debtors are interrelated. Patrick W. Moller is the President, of the Corporation. The Debtors' interests are nearly identical as the Corporation is merely a personal services corporation of Patrick W. Moller. Patrick W. Moller makes all decisions for the Corporation to the extent there are any decisions which need to be made. Further, substantially all of the Corporation's creditors are also creditors of Patrick W. Moller, individually.[4]

As such, the Court should issue an order jointly administering the Debtors' cases under the title and case number of the Corporation, Case No. SV 06-10635-KT. A copy of the proposed caption is attached hereto as Exhibit "A." Due to the interrelationship between the Debtors, the joint administration of these cases will promote the interests and convenience of all parties and will reduce the costs of administration of these cases.

---

[3] An identical motion will be filed in the Individual Case.

[4] Other than the lien holders on the real property owned by Patrick W. Moller.

1     This motion does not seek substantive consolidation, but the Corporation specifically reserves its right to seek substantive consolidation at a later time, if appropriate.

    The principal of the Corporation, Moller has been in the printing business for over 35 years. In 1985, Moller became an account executive for a professional printing broker, Litho Sales in Glendale and was introduced to United Film, Inc. (the predecessor to the Corporation) as a supplier. In 1998, Mr. Moller founded the printing company, LithoWerks, Inc. ("LithoWerks"). In looking for a location for LithoWerks, it became apparent that a natural fit existed with United Film, and thus LithoWerks moved into the offices of United Film. At that time, apparently the principals of United Film were also interested in selling the business, and Moller eventually purchased United Film and changed the name to United Film & Laminating, Inc.

    At the time of acquisition, Moller was lead to believe that the annual sales of United Film were approximately $750,000.00. Upon taking over United Film, Moller soon learned that United Film's customers were of poor quality, with some in bankruptcy, and the first year sales were actually $425,000.00. The Corporation's equipment was in poor condition, and employees were underproductive. Through personal cash investments of over $700,000.00 by Moller, new dedicated employees were hired, new state of the art equipment was purchased, and sales reached over $1,000,000.00 in 2005. This dramatic increase in the Corporation's business was done in spite of the downturn in the printing business. For example over 35% of the mid-size printers in the United States have either consolidated or simply shut their doors.

    As set forth above, in 2003, it was evident that the Corporation needed to upgrade its equipment to compete in the Los Angeles market. GE agreed to loan the Corporation $950,000.00, to enable the Corporation to acquire new laminating equipment to keep up with its growing volume.[5] One of the two pieces of new equipment was purchased from Germany. The dramatic move in the Euro in the fall of 2003 caused a shortfall of over $100,000.00 at the time of the purchase, further exasperating the Corporation's financial position. Thereafter, during 2005 the

///

---

[5] GE initially loaned the Debtor $775,000.000.

Ervin, Cohen
& Jessup LLP

IDOCS:12502.2:533834.1      -5-

Main Document   Page 6 of 13

1  Corporation lost two of its largest customers which caused the Corporation to default on its
2  obligation to GE.
3        In approximately March 2005, GE filed a lawsuit against the Corporation to foreclose on
4  its collateral. The Corporation disputed the lawsuit in State Court, and at various times sought to
5  resolve and compromise its dispute with GE. However, no resolution could be reached.
6        Recently, the Corporation has undertaken an extensive program to return to profitability,
7  and successfully reorganize its business operations. The Corporation has replaced all of its
8  laminating services sold to a key account, and grown that business by over 30%. The Corporation
9  now has no more than 15% of its revenue in the hands of any customer. The quality of the
10 Corporation's customers has improved due to the Corporations marketing efforts to find customers
11 willing to pay for high quality finishing work. The Corporation employees are now well trained
12 and can do excellent work without "over the shoulder" supervision with many of them trained
13 from "scratch". And the Corporations equipment is of high quality.
14       The Corporation forecasts a modest 25% growth for 2006, improving last years profit of
15 approximately $150,000.00 to $220,000.00. The bankruptcy reorganization will enable the
16 Corporation to reorganize its business, come out of bankruptcy a much better company without the
17 severe distractions of the past. Thus, the Corporation was forced to file for Chapter 11, on April
18 28, 2006, to enable it to reorganize its business operations, and become profitable once again.

### III.

### THE COURT SHOULD AUTHORIZE THE JOINT
### ADMINISTRATION OF THE DEBTORS' ESTATES

22 11 U.S.C. § 101(2) defines "affiliate" as it pertains to the Fed. R. Bankr. P. and the Local
23 Bankruptcy Rules. It provides:

> "affiliate" means --
>
> (A) entity that directly or indirectly owns, controls, or holds
> with power to vote 20 percent or more of the outstanding voting
> securities of the debtor. . . .

Ervin, Cohen
& Jessup LLP

IDOCS:12502.2:533834.1                           -6-

Fed. R. Bankr. P. 1015 provides that the court may order the joint administration of two cases when petitions are pending in the same court. Fed. R. Bankr. P. 1015(b) provides:

> If a joint petition or two or more petitions are pending in the same court-by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interests.

Local Bankruptcy Rule 104(4) defines a Related Case as one in which the debtors are affiliated. It provides:

> Cases shall be deemed "Related Cases" for purposes of this Local Bankruptcy Rule 104(4) if the earlier was pending at any time within 6 years before the filing of the new petition, and the debtors in such cases: . . .
>
> (iii) are affiliates, as defined in 11 U.S.C. § 101(2). . . .

The Debtors are clearly "affiliates" of one another as defined under 11 U.S.C. § 101(2). Furthermore, the cases are "related cases" as defined in Local Bankruptcy Rule 101(4). The Corporation is owned and operated by the Lipshys, and the Lipshys control every aspect of the Corporation's business operations.

Joint administration of these cases will avoid considerable unnecessary delay and expense by obviating the need for the Debtors to file duplicate motions and applications. Joint administration will also save the Court's own resources. In addition, the estates will save considerable expenses by not having to send two duplicate notices for each and every motion filed in each case. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these case since the relief sought is purely procedural and is no way intended to affect substantive rights. Each creditor will be entitled to file a claim against the particular estate which owes it money. Finally, supervision of the administrative aspects of the Chapter 11 cases by the office of the United States Trustee will be simplified.

Ervin, Cohen
& Jessup LLP

IDOCS:12502.2:533834.1                              -7-

## IV.

## CONCLUSION

In light of the foregoing, the Debtor respectfully requests that the Court enter an Order (1) directing that these cases be administered jointly under Corporation's case number SV 06-10635-KT; (2) directing that, except where circumstances warrant different treatment, a single caption listing the Debtors and respective case numbers be used on all pleadings; (3) directing the use, except where circumstances warrant different treatment, of combined notices to the creditors of the estates; (4) directing the use, except where circumstances warrant different treatment, of a combined service list; (5) granting such other and further relief as the Court shall deem proper.

DATED: May 3, 2006

ERVIN, COHEN & JESSUP LLP
Michael S. Kogan

By: _____
Michael S. Kogan
Attorneys for Debtor

Ervin, Cohen
& Jessup LLP

IDOCS:12502.2:533834.1

-8-

## DECLARATION OF PATRICK W. MOLLER

I, Patrick w. Moller, declare as follows:

1. I make this declaration in support of the "Emergency Motion For Order Directing Joint Administration Of Cases" (the "Motion") that I have filed for purposes of having the Chapter 11 case of Patrick W. Moller (the "Individual Case") (Case No. SV 06-10619-KT), and United Finishing & Laminating, Inc. (the "Corporation") (Case No. SV 06-10635-KT) consolidating the Individual Case[6] with that of the Corporation (collectively, the "Debtors"), for administrative purposes only.

2. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify under oath to these facts set forth herein. If any facts are based upon information and belief, I so state.

3. I am the President of the Corporation.

4. I filed my Voluntary Petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") on April 28, 2006. The Corporation filed on May 2, 2006. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to conduct their affairs and operate as debtors in possession. No trustee or examiner has been appointed in either Chapter 11 case.

5. The affairs of the Debtors are interrelated. I am the President, of the Corporation. The Debtors' interests are nearly identical as the Corporation is merely a personal services corporation of mine. I make all decisions for the Corporation to the extent there are any decisions which need to be made. Further, substantially all of the Corporation's creditors are also creditors of mine, individually.[7]

6. As such, the Court should issue an order jointly administering the Debtors' cases under the title and case number of the Corporation, Case No. SV 06-10635-KT. A copy of the proposed caption is attached hereto as Exhibit "A." Due to the interrelationship between the

---

[6] An identical motion will be filed in the Individual Case.

[7] Other than the lien holders on the real property owned by Patrick W. Moller.

Ervin, Cohen
& Jessup LLP

IDOCS:12502.2:533834.1                           -9-

1  Debtors, the joint administration of these cases will promote the interests and convenience of all
2  parties and will reduce the costs of administration of these cases.
3      7.    This motion does not seek substantive consolidation, but the Corporation
4  specifically reserves its right to seek substantive consolidation at a later time, if appropriate.
5      I declare under penalty of perjury under the laws of the United States of America
6  that the foregoing is true and correct.
7      Executed this 3 day of May 2006, at Los Angeles, California.

_____
Patrick W. Moller

Ervin, Cohen

Michael S. Kogan (SBN 128500)
**ERVIN, COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | ) Case No. SV 06-10635-KT |
| UNITED FINISHING & LAMINATING, INC., | ) Chapter 11 |
| Debtor. | ) |
| | ) (This Case is Jointly Administered with SV 06-10619-KT) |

**EXHIBIT "A"**

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss:
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 9401 Wilshire Boulevard, Beverly Hills, California 90212-2974.

On May 3, 2006, I served the document described as

**EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF PATRICK W. MOLLER IN SUPPORT THEREOF**

on counsel for the parties in this action, or on the parties *in propria persona*, addressed as follows:

Patrick W. Moller
23822 Valley Oak Court
Santa Clarita, CA 91321

[X]   BY MAIL: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service on that same day. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]   (STATE) I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on May 3, 2006 at Beverly Hills, California.

_____
Sophia L. Lee

Ervin, Cohen
& Jessup LLP